Plaintiff-appellant State of Ohio appeals the decision of the trial court which granted defendant-appellants John Thomas, Harold Turner, and Gary Robertson's (collectively "defendants") motion to dismiss. The state argues the trial court erred in determining the provisions of House Bill ("H.B.") 180 were unconstitutional as ex post facto law.
In 1988, Harold Turner pleaded guilty to robbery, gross sexual imposition, attempted kidnaping, aggravated robbery, kidnaping, felonious assault, and attempted rape. In 1989, Gary Robertson was found guilty of ten counts of rape and ten counts of gross sexual imposition. In 1994, John Thomas pleaded guilty to two counts of rape. Defendants were all sentenced to prison.
While serving their sentences, defendants were brought back to Cuyahoga County for a sexual predator hearing pursuant to R.C. 2950.09(C)(2). Prior to their hearing, the public defender filed a motion to dismiss the proceedings as unconstitutional. Subsequently, defendants appeared at a motion to dismiss hearing at which time the trial court granted the motion finding the amended provisions of R.C. 2950 (H.B. 180) violative of the ex post facto clause, the retroactive laws, and Crim.R. 11.
The state filed a timely notice of appeal. In response, the public defender filed a motion to dismiss the appeal based on Crim.R. 12(J). This motion was granted but based on a motion for reconsideration, filed by the state, the appeal was allowed to proceed. We granted the state's motion to consolidate all three cases.
The merits of this case involve the amendments to R.C. 2950 via H.B. 180. Essentially, this is Ohio's version of "Megan's Law" which designates certain offenses as sexually oriented offenses. The law establishes three levels of sex offenders: (1) sexually oriented offender-one conviction, (2) habitual sex offender-second conviction, and (3) sexual predator-convicted of at least one sexual offense and likely to engage in the future in another sexually oriented offense. Once classified as a sex offender, the offenders must then take certain actions. Sexual offenders must register and verify their address to local law enforcement officials annually for 10 years, habitual sex offenders must register and verify their address annually for 20 years, and sexual predators must do the same every 90 days for life or until the classification is terminated. Moreover, community notification applies automatically to sexual predators, within the discretion of the trial court when sentencing habitual sex offenders, and is inapplicable to sexually oriented offenders.
The H.B. 180 amendments became effective, in part on January 1, 1997, and in part on July 1, 1997. The amendments apply to inmates released from prison after July 1, 1997 regardless of when the offense was committed. It is this application which defendants claim in their motion to dismiss was unconstitutional.
On appeal from the trial court's ruling on the motion to dismiss, the state presents a single assignment of error which states as follows:
 THE TRIAL COURT ERRED IN RULING THAT THE PROVISIONS OF H.B. 180 WERE UNCONSTITUTIONAL AS EX POST FACTO LAW.
The state argues the amendments are not punitive in nature but rather remedial and thus their retroactive application is constitutional. In support, the state maintains the amendments do not amount to punishment because they are rationally related to the stated purpose of community protection because the information released pertaining to the offenders is that which is necessary to identify the risk posed by the offender and is disclosed only to those with the appropriate need to know.
Defendants counter-argue R.C. 2950 is clearly punitive in nature and thus its retroactive application is unconstitutional. Defendants claim it is punitive because Title 29 which contains the amendments covers criminal procedure for the state, it imposes affirmative obligations, and restricts offenders' right to privacy. In addition, it inescapably leads to public humiliation and labeling as a result of the notice provisions.
Defendants also maintain the retroactive application of R.C. 2950 violates the equal protection clause and due process clause of the U.S. Constitution. Defendants complain it violates equal protection because it creates a special class of prisoners. Defendants argue R.C. 2950 applies only to the class of prior offenders who were still serving sentences after the amendment became effective. Prior offenders who have already completed their sentences are exempt, thereby creating a special class, and there is no rational basis distinguishing this group from them. Moreover, defendants contend R.C. 2950 creates a second suspect class because prior to it being amended, a defendant was determined to be a sexual predator by a judge using a clear and convincing standard. The amended R.C. 2950 mandates that a sexual predator determination be made by a jury using a reasonable doubt standard. Thus, a suspect class was created because pre-amended R.C. 2950 sexual offenders were denied a jury trial and subject to a lesser standard of proof.
Defendants final two arguments involve Crim.R. 11 and ineffective sentencing. Regarding Crim.R. 11, defendants argue a defendant can only plead guilty if through the procedures of Crim.R. 11, he understands his rights and knows by pleading guilty he waives his rights. This means the trial court must advise a defendant of all possible consequences before a defendant knowingly, intelligently, and voluntarily enters his plea. The present defendants claim since their sentencing occurred prior to the effective date of R.C. 2950.04, they were not advised of the consequences of being classified as a sex offender so and as a result they did not voluntarily or knowingly enter their pleas. Finally, defendants claim they cannot be compelled to comply with a law, i.e., the registration requirements of R.C. 2950.04, that was not in effect at the time of their sexual predator hearing.
Most recently, in State v. Cook (1997), 83 Ohio St.3d 404, the Ohio Supreme Court addressed the exact same issues presented by defendants, herein, and stated in its syllabus:
 "1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statue, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution."
Based on this holding, defendants' arguments regarding retroactive application and ex post facto are without merit.
Defendants' argument regarding Crim.R. 11 procedures is also without merit. Defendants argue they were not advised of all possible consequences, i.e., being classified as a sex offender, before entering their guilty pleas so they did not knowingly and voluntarily enter their pleas. First, only Harold Turner and John Thomas entered guilty pleas so this argument does not apply to Gary Robertson who was found guilty at trial. Second, at the time Turner and Thomas were sentenced they were advised of all possible consequences. This is supported by the fact that R.C. 2950.04 was not in effect at the time Turner and Thomas were sentenced so it was impossible for the sentencing judge to advise them of the consequences of the subsequent amendment. Third, because the Ohio Supreme Court decided retroactive application of R.C. 2950.04 is remedial rather than punitive in nature, the consequences Turner and Thomas claim they were not informed of were not actually consequences. Id.
at 413-417. The Court stated the purpose behind R.C. 2950 was "to promote public safety and bolster the public's confidence in Ohio's criminal and mental health systems" and that "the statute is absolutely void of any language indicating an intent to punish." Id. Therefore, Turner and Thomas were advised of all the consequences or punishments they faced when they were sentenced and entered their pleas knowingly and voluntarily.
Lastly, defendants argue they should not have to comply with a law that was not in effect at the time of their sexual predator hearing. Defendants base this argument on the fact that their sexual predator hearing occurred on April 11, 1997, before the effective date of R.C. 2905.04 which was July 1, 1997. In support, defendants cite State v. Hooks (December 18, 1997), Cuyahoga App. No. 72780.
Hooks is inapplicable to the facts of the present case. Hooks pleaded "no contest" to sexual imposition and was sentenced to five years of community control sanctions. The trial court then determined he was a sexual offender and ordered him to register pursuant to R.C. 2950.04. Subsequently, this court reversed the trial court's assessment of Hooks as a sexual offender "[b]ecause defendant was sentenced before the effective date of R.C. 2950.04, the state cannot require defendant to register." In the present case, defendants have not even had their sexual offender hearing. They were sentenced to prison terms not community control sanctions and have not been ordered to register as sexual offenders pursuant to R.C. 2950.04. Therefore, defendants' argument is not ripe for consideration.
Based on the application of Cook and the foregoing analysis, we find the state's argument to be persuasive and sustain its single assignment of error. Thus, the judgment of the trial court is reversed and the trial court is to proceed with a sexual offender hearing.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J.
ANNE L. KILBANE, J., CONCURS.
 _______________________________ PRESIDING JUDGE JOHN T. PATTON
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E) See, also S.Ct.Prac.R. II, Section 2(A)(1).